UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CURTIS NEIL BEITO,<br><br>             Plaintiff,<br><br>   vs.<br><br>ROGER ALDRICH, J. BRUCE JESSEN, JAMES MITCHELL, RANDALL W. SPIVEY, MIKE RICHEE, MATAEO SAMS, MELISSA SAMS, JOHN NOLETTE, C/O K. PARKER, C/O BAUCHMANN, C/O GALLIGER, SARGENT HODGES, SARGENT HUGHES, and OZZIE KNEZOVICH,<br><br>             Defendants. | NO.  CV-07-222-CI<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT<br><br>**1915(g)** |

Magistrate Judge Imbrogno filed a Report and Recommendation on July 15, 2008, recommending Mr. Beito's civil rights complaint be dismissed with prejudice as he had failed to amend his complaint, initially filed July 11, 2007, to state a claim upon which relief may be granted. Although Plaintiff's document received on July 28, 2008 was tilted, "Motion for Extension of Time and Objection to Report and Recommendation," Mr. Beito presented no specific objections to the Report and Recommendation.

The Magistrate Judge found Plaintiff had alleged no facts against Defendants Roger Aldrich, Randall W. Spivey, or C/O K. Parker. Plaintiff failed to present facts from which the court could infer

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT -- 1

Defendant Ozzie Knezovich, as Spokane County Sheriff, was aware of constitutional violations or that any alleged violations were caused by a custom or policy he established.  Plaintiff failed to allege "actual injury" to his access to the court against Defendants C/O Galliger, Sargent Huges and/or Hodges, and Bauchman.

Plaintiff's allegations against Prosecuting Attorneys, Defendants Mateao and Melissa Sams, and his defense attorney, Defendant John Nolette, also failed to state claims upon which relief may be granted. Broad allegations he was "tortured, shocked, and threatened," without any reference to time, date, circumstances or alleged actors, failed to state a claim upon which relief could be granted.

Finally, his allegations against a former employer, Defendant Mike Richee, who was allegedly affiliated with Defendants Mitchell and Jessen and their associates, failed to demonstrate these Defendants were acting under color of state law for purposes of 42 U.S.C. § 1983, or violated his constitutionally protected rights.  There being no specific objections to these findings, **IT IS ORDERED** the Report and Recommendation (Ct. Rec. 22) is **ADOPTED in its entirety** and the complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g). **Plaintiff is advised to read**

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT -- 2

**the new statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, enter judgment, and close the file. The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

**DATED** this ___11th___ day of August 2008.

s/ Fred Van Sickle
FRED VAN SICKLE
SENIOR UNITED STATES DISTRICT JUDGE
